WHITE et al. v. TEGNELL et ux. (No. 368.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 22, 1918.)

1. VENDOR AND PURCHASER ⟲⟲267. — VENDOR'S LIEN—PARTIAL RELEASE.

Vendee cannot avail himself of the right to partial release of vendor's lien without strict compliance with conditions of the deed governing such right.

2. VENDOR AND PURCHASER ⟲⟲267 — VENDOR'S LIEN—RELEASE—COMPLIANCE WITH CONDITIONS.

Under deed containing provision for partial release of vendor's lien, vendees were entitled to such a release upon payment of one of purchase-money notes, though upon resale of part of land to be released from lien they had not tendered money received from such resale to vendors and demanded release.

3. VENDOR AND PURCHASER ⟲⟲267 — VENDOR'S LIEN—RELEASE—COMPLIANCE WITH CONDITIONS.

Under deed provision for partial release of vendor's lien, vendees held entitled to such release upon payment, although making no demand at time of payment.

4. EVIDENCE ⟲⟲448 — DEED — PAROL EVIDENCE AS TO INTENTION.

Where provision in deed as to partial release of vendor's lien was unambiguous, and the meaning ascertainable from deed itself, parol evidence by one of the parties as to the meaning of such provision was inadmissible.

Appeal from District Court, Chambers County; J. Llewellyn, Judge.

Suit by J. E. Broussard against R. M. White, J. T. White, Josephine Connerly, F. T. Connerly, and others, in which G. N. Tegnell and wife intervened. Judgment for plaintiff and for interveners on the plea of intervention and the defendants named appeal. Affirmed.

E. B. Pickett, Jr., of Liberty, for appellants. H. E. Marshall, of Liberty, for appellees.

HIGHTOWER, C. J. This was a suit by J. E. Broussard, plaintiff, against the appellants here, who are J. T. White, R. M. White, Josephine Connerly, and F. T. Connerly, and also against C. A. Elmen, C. Glenn Nichols, M. W. Witham, and Gilbert Griffey, all of whom were made defendants below. The appellees here, who are G. N. Tegnell and his wife, intervened in the suit.

On the 1st day of April, 1913, the above-named appellants, J. T. White, R. M. White, Josephine Connerly, and her husband, J. T. Connerly, conveyed to C. A. Elmen and C. Glenn Nichols a tract of land in Chambers

county, containing 640 acres, for the total consideration of $10,880, $2,000 of which amount was paid in cash at the date of the execution of the deed, and the balance of the purchase money was evidenced by four notes, each for the sum of $2,220, which notes were made due and payable one, two, three, and four years thereafter, and numbered Nos. 1, 2, 3, and 4, and the vendor's lien was expressly retained in both the deed and notes to secure the balance of the unpaid purchase money.

The deed from appellants to Elmen and Nichols contained this provision:

"The said C. A. Elmen and C. Glenn Nichols, their heirs and assigns, shall have the right to demand releases of the above-described vendor's lien as to any and all forty (40) acres or larger tracts of the above-described property upon payment of the pro rata amount (to be determined by acreage alone) of the indebtedness secured by the lien herein retained and reserved, constituting a lien against such tract or tracts; and the said J. T. White, R. M. White, Josephine Connerly and husband, F. T. Connerly, for themselves, their heirs, executors, and administrators, expressly covenant and agree to promptly execute and deliver any and all such releases upon such payments and demand, it being understood that the amount or amounts of all such payments are to be credited upon whichever one of the above-described notes shall fall due next after such payments."

It appears from the record that Elmen and Nichols made 13 separate conveyances of the above-mentioned tract of land, by which title to separate tracts thereof passed to that number of different purchasers under them; and, finally, as appears from the record, the defendants Witham and Griffey acquired the title to said survey by purchase from all of the 13 different persons to whom Elmen and Nichols had conveyed the same, subject, of course, to the vendor's lien retained by appellants.

When note No. 1, for the sum of $2,220, as above mentioned, became due or within a very few days after it was due, the full amount thereof was paid to appellants, who at that time still owned and held all four of said purchase-money notes, and said note No. 1 was marked paid in full and delivered by appellants to the persons by whom the same was paid. Thereafter appellants transferred and assigned to the plaintiff, J. E. Broussard, said notes Nos. 2, 3, and 4, and the said Broussard brought this suit seeking a judgment thereon against Elmen and Nichols as makers of said notes, and also against appellants for the full amount thereof, and also prayed for foreclosure of the vendor's lien upon said entire tract of land as against all of the defendants. After the suit was filed by Broussard the defendants Witham and Griffey, then holding the title to the entire tract of land in question subject to the vendor's lien retained in the deed from appellants to Elmen and Nichols, conveyed all of their right, title, and interest to the entire 640-acre tract of land to Mrs. Jennie B. Tegnell, who, joined by her husband, G. N. Tegnell, thereafter intervened, and claimed

that interveners were entitled to a judgment for an undivided 240 acres of said 640-acre tract, as against the defendants, by reason of the release clause contained in said deed from appellants to Elmen and Nichols, hereinabove quoted.

To this plea of intervention on the part of appellees the appellants, R. M. White, J. T. White, Mrs. Josephine Connerly, and F. T. Connerly, answered by general denial, and specially alleged that interveners were not entitled to have released any part of said survey of land from the vendor's lien reserved in the deed from appellants to Elmen and Nichols, for the reason that, when the several subsequent vendees through whom interveners claim were deeded separate tracts out of said survey, no demand was made for a release of any of said separate tracts, nor were appellants paid any part of the purchase money which said subsequent vendees paid to the original vendees, Elmen and Nichols; and, further, that by the release clause contained in the deed to Elmen and Nichols it was the intention and agreement of all the parties thereto that, as the vendees might make sales of any tract of 40 acres or more, then the vendees, on demand, should have the right to a release of the tracts so sold, provided appellants were then paid a sufficient sum to complete the full purchase price of the tract or tracts thus being sold by the original vendees, such price to be computed on an acreage basis; that, when said several sales were made by Elmen and Nichols, no part of the purchase money paid by such subsequent vendees or any of them was ever paid to appellants, and no demand was ever made for a release of the several particular tracts sold by the original vendees, as above stated. Appellants also pleaded that, after their vendees executed such deeds for said 13 separate tracts of land, they failed to pay notes Nos. 2 and 3 as they matured, but defaulted in their contract, and thereby lost whatever right they might have had by virtue of said release clause in the deed from appellants to Elmen and Nichols.

The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff, Broussard, against the appellants and Elmen and Nichols for the amount of the three notes sued upon, and for foreclosure of the vendor's lien upon an undivided three-fourths of said 640 acres of land as against all of the defendants and the interveners, but, upon their plea of intervention, judgment was rendered against the plaintiff and all the defendants in favor of the interveners for the recovery of the title and possession of an undivided one-fourth, or 160 acres of said survey.

We find in appellants' brief three assignments of error. The first and second assignments are grouped, and are, substantially, as follows:

By the first assignment it is contended that the trial court erred in holding that the ven-

dor's lien retained in the deed from appellants to Elmen and Nichols should be foreclosed only to the extent of three-fourths of the land by. the deed conveyed, and in refusing to hold that the vendor's lien should be foreclosed upon the entire survey. And by the second assignment it is contended that the court should not have rendered judgment in favor of the interveners for an undivided one-fourth of said survey, and thereby entirely free and release 160 acres of the same from the vendor's lien, as expressly reserved in the deed from appellants to Elmen and Nichols. The two assignments really constitute but one, and will be so treated.

Under these assignments it is contended, first, that a vendee in a deed expressly reserving a vendor's lien on an entire tract of land conveyed thereby, who is by a clause in the deed given the right to release a portion of the land under specified conditions, cannot avail himself of that right unless he complies strictly with the terms of the provision entitling him thereto.

[1] We have no fault to find with this proposition of law contended for by appellants, but believe that the same is sound. We cannot agree, however, with appellants in their contention that the interveners in this case were not in a position to claim the benefits of the release clause contained in the deed from appellants to Elmen and Nichols to the extent of 160 acres of the land thereby conveyed, as was awarded to them by the trial court. As is stated above, when note No. 1 became due, or very shortly thereafter (and no point was made on the date of payment of note No. 1), the same was paid and appellants marked the same canceled and satisfied. This note was for $2,220, and, as we construe the release clause contained in said deed from appellants to Elmen and Nichols, the vendees of Elmen and Nichols were entitled to a release from the vendor's lien of any and all tracts of land purchased by them amounting to as much as forty acres, or larger tracts, whenever appellants were paid the money therefor. It is plain from the language of the release clause in the deed, we think, that whatever rights Elmen and Nichols had under the clause passed to their vendees.

It is argued by appellants that the release clause .in the deed to Elmen and Nichols shows that the payment in a lump sum of one of the notes, to settle the note in full at maturity or thereafter, was not to be considered as a payment entitling the vendees or their assigns to a release of any portion of the land. In other words, it seems to be the contention of appellants that the payment of note No. 1 in full was not a payment entitling anybody to a release as to any portion of the land, because the release clause does not provide; but that it was intended by the release clause in said deed that, when as much as 40 acres or a larger number of acres was sold at any one time by Elmen and Nichols, the consideration received therefor should then and there be paid to appellants, and a release then and there demanded in each separate instance; and that since this was not done, and since no payment was made to appellants until enough of the land had been sold and sufficient purchase money obtained to pay note No. 1 in full before any part of such purchase money was paid to appellants, that the release clause in the deed was not strictly complied with, and that, therefore, the interveners, claiming the benefit of this clause in the deed were not entitled to have any portion of the land freed from the vendor's lien.

[2] It is the contention of appellees, on the other hand, that the vendees under the deed from appellants to Elmen and Nichols having, at maturity and before suit was filed, tendered to appellants and paid to them the amount in full of note No. 1, which tender was accepted and the note canceled, was a full compliance with the release clause in the deed hereinbefore mentioned, and that upon such payment said vendees were entitled to a pro rata release, as found by the court, and we think that this contention on the part of appellees is correct.

As authorities in support of their contention under these assignments, appellants cite Webster v. Land, etc., Co., 24 S. W. 572, and Calif. State Life Ins. Co. v. Elliott, 193 S. W. 1096, both Texas cases. We have examined carefully both of these cases, and we believe that neither of them can be considered authority in favor of appellants' contention on this point. In the Webster Case it is quite clear that there was a failure on the part of the vendee in that deed to comply with the release clause in a very material particular, the details of which it is unnecessary to here mention; and in Calif. State Ins. Co. v. Elliott, the amount required to be paid by the vendee in that deed before release of the vendor's lien might be had was not only not paid to the vendor, but was not even tendered to the vendor until suit had been brought to foreclose the vendor's lien on the entire tract conveyed by the deed.

In the instant case the amount of note No. 1 was not only tendered to appellants, but said note was actually paid in full to them, and was accepted by them, and said note was canceled and delivered to their vendees; and we think that the trial court did not err in holding, as it did in effect, that the payment of note No. 1 for $2,220, while same was held by appellants, at once gave to appellants' vendees and interveners holding through them a right to have the vendor's lien released to the extent of such payment, which, considered upon an acreage basis, as provided in the release clause, entitled the appellees to have 160 acres of the tract freed from the vendor's lien reserved in the deed from appellants to Elmen and Nichols. We really do not think that the provision con-

tained in the deed from appellants to Elmen and Nichols on this point is susceptible of any other reasonable construction than that placed upon it by the trial court.

The second proposition under these assignments is, in substance, that appellees were not entitled to the relief awarded them by the trial court, because the proof showed that no demand was ever made for the release until this suit was filed praying foreclosure of the vendor's lien as to the entire tract.

[3] It is true that the record fails to show that there was any formal demand made by any one for a release of any portion of the land from the vendor's lien until the same was made by the prayer contained in the plea of intervention interposed by appellees; but it is our opinion that this can make no difference, for the reason that it is manifest that the release clause in this deed was intended for the benefit of appellants' vendees and their assigns, and there could be no necessity for showing a formal demand on the part of any of such vendees for the release, but the right thereto became complete when the amount of note No. 1 was paid. The fact that no formal demand was made could not be considered as an estoppel of any character against appellees, and the trial court did not err in so concluding.

The third assignment of error complains of the action of the trial court in refusing appellants permission to introduce the testimony of the witness R. M. White, showing what his construction of the release clause in the deed was, according to the intention of the parties at the time it was executed. It is shown by appellants that this witness would have testified, in substance, that the intent and meaning of the release clause contained in the deed to Elmen and Nichols was that as the vendees in said deed might make sales, after obtaining said deed, of any tract or tracts of 40 acres or more out of the section of land conveyed thereby, the vendees, on demand, should have the right to a release of the tract so sold, upon the proviso and condition that the grantors in said deed were then and there paid a sufficient sum upon the unpaid purchase money to complete the full purchase price of the tract or tracts so sold by the original vendees, such purchase price to be computed on an acreage basis, and that such was the intention and agreement of all parties to said deed; and, further, the testimony of said White would have been, had he been permitted to testify, to the effect that no demand was ever made by the vendees in said deed, or by any subsequent vendees, or by the interveners herein, or any one else, for a release of the several particular tracts of land out of said section, which the original vendees conveyed, or for a release of any one of said tracts of land.

[4] We do not believe that the trial court was in error in excluding this testimony, for the reason that the meaning of the parties to the deed in question, in this connection, is made plain and clear from the instrument itself; and, therefore, in our opinion, it would have been error to have admitted this testimony, because it is only in instances where written instruments are ambiguous, and the meaning of the parties thereto cannot be gathered clearly therefrom, that testimony of this character would be admissible.

We believe that the trial court was correct in its construction of the release clause contained in the deed from appellants to Elmen and Nichols, and in granting judgment in favor of appellees for a one-fourth undivided interest in the land conveyed by appellants in that deed.

It follows from what we have said that this court is of the opinion that none of the assignments of error should be sustained, and that the judgment of the trial court should be in all things affirmed; and it will be so ordered.